UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIANNA P., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:22-cv-00002-NT |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the January 21, 2021, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease (lumbar spine) and osteoarthritis (cervical spine). (R. 24.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at the light exertional level, except she needs the option to perform work seated or standing or work that at least allows her the option to change positions in the work area up to five to six minutes total per hour; she can never climb ladders, ropes or scaffolds; she can only occasionally climb ramps and stairs, stoop and crawl; she can frequently kneel and crouch; she can only perform work that includes no more than frequent handling, fingering or occasional feeling; she should perform no firm grasping, as in the use of power tools; she can only occasionally pull/push bilaterally; she can only work in an environment that does not include concentrated exposure to extreme cold; and she is capable of routine work day-to-day that does not include working with crowds. (R. 27-28.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of routing clerk, mail clerk, and assembler. (R. 32-33.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record

contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred in her evaluation of the opinion evidence in determining Plaintiff's RFC.  She contends that because of the numbness in her hands, her RFC should be limited to no more than "occasional" handling and fingering, rather than "frequent" handling and fingering as the ALJ assessed.

The opinion evidence consists principally of the findings of consultative examiner Mark Nash, PA-C, who examined Plaintiff on March 15, 2019, the findings of a physical therapist at Saco Bay Physical Therapy, who assessed Plaintiff in November 2019, the state agency medical consultant at the initial level, Archibald Green, D.O., who issued a report in March 2019, and the state agency medical consultant at the reconsideration level, Benjamin Weinberg, M.D., who issued a report in November 2019.  Each expert cited evidence in the record to support her or his respective opinion.  The ALJ found the opinions of Drs. Green and Weinberg to be generally persuasive and the opinions of PA-C Nash and the physical therapist to be less persuasive.

3

PA-C Nash determined that Plaintiff had difficulty performing fine dexterous movement with both of her hands, but was able to lift, carry and handle light objects. (R. 435.)[2] He noted that Plaintiff exhibited bilateral hand grip weakness, functional deficits of her hands and sensory deficits of all her fingertips,[3] and that her hands and fingers exhibited painless edema. (R. 436.) PA-C Nash concluded that Plaintiff is limited in her ability to handle, finger and feel with both hands, and to push and pull with both arms. (*Id.*) The physical therapist found that Plaintiff's impairments include hand/arm pain and grip strength which decreased over successive trials. (R. 444.)

Dr. Green determined that Plaintiff had no manipulative limitations and unlimited ability to push and/or pull with her upper extremities, although he limited her to lifting and/or carrying ten pounds frequently and twenty pounds occasionally. (R. 105.) Dr. Green observed that while carpal tunnel syndrome was suggested in the medical record, there were no physical exams specific for it and no electrodiagnostic exams. (R. 106.) Dr. Weinberg's opinion mirrored Dr. Green's, and he noted that there were no additional medical records which significantly altered the RFC. (R. 114, 115.) He also concluded that the physical therapist's assessment should be given "marginal weight," in part, because the limitations "appear to be based upon subjective expressions of pain only," and are not supported by objective findings and the totality of the evidence. (R. 113-14.)

---

[2] PA-C Nash's report was reviewed and approved by Fred Fridman, D.O. In her decision, the ALJ refers to the report and opinion as Dr. Fridman's. (*See* R. 31.)

[3] The finding of decreased sensation in Plaintiff's fingertips appears to be based on Plaintiff's self-report. (R. 436.)

The ALJ described the opinions of Dr. Green and Dr. Weinberg as consistent with the medical records and objective testing, which, as to Plaintiff's hand, reflected mostly normal exams with full strength in her upper extremities and intact sensation, and as consistent with Plaintiff's report of her daily activities, which include preparing meals, doing household chores, driving, going shopping, sewing, and crafting. (R. 30; *see* R. 439-40.) The ALJ's analysis satisfied the requirements of 20 C.F.R. § 416.920c(b)(2),[4] as the ALJ discussed how the opinions were supported by, and consisted with, the medical record, which Drs. Green and Weinberg each reviewed and referenced in their respective reports. (R. 30.) The ALJ also cited the consultants' medical expertise and knowledge of Social Security regulations. (*Id*.)

The ALJ found the opinion of PA-C Nash to be inconsistent with the medical records and objective evidence, including his own findings of full strength in Plaintiff's upper extremities other than hand grip, and other records that showed intact upper extremity strength, including hand grasp, and intact sensation. (*Id*.) She also found PA-C Nash's opinion inconsistent with Plaintiff's reported activities of daily living. (*Id*.) The ALJ discounted the conclusions of the physical therapist noting that the opinion appeared to be based on Plaintiff's reported pain, and that the opinion was inconsistent with Plaintiff's minimal treatment during the relevant period, lack of prescription pain

---

[4] The regulation provides that in articulating his or her consideration of medical opinions and state agency consultants' opinions, an ALJ will explain how she or he considered the supportability and consistency of those opinions, as the most important factors, in determining how persuasive the ALJ found the opinions. 20 C.F.R. § 416.920c(b)(2). *See also* 20 C.F.R. § 416.920c(c) (listing, along with supportability and consistency, the other factors that may be considered).

medication, conservative treatment plan, and lack of emergency care. (*Id.*)

The ALJ's assessment of the opinion evidence is reasonable and supported by the record. The ALJ's evaluation of Plaintiff's subjective complaints is similarly reasonable. The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." (R. 29.) The ALJ nevertheless limited Plaintiff to frequent handling and fingering and occasional feeling to provide Plaintiff the "benefit of the doubt and [to] reflect [Plaintiff]'s alleged symptoms." (R. 30; *see also* R. 31.)

The ALJ acted in accordance with her obligation to weigh the evidence, including the expert opinions, and to resolve any conflicts in the evidence. *See Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts."); *see also Rodriguez*, 647 F.2d at 222 ("the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts."). Contrary to Plaintiff's argument, the ALJ's decision is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

6

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

         /s/ John C. Nivison
         U.S. Magistrate Judge

Dated this 30th day of November, 2022.